**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**Daliana S. Gonzalez on behalf of himself**
**or herself and all other similarly**
**situated consumers**

                                  **Plaintiff(s),**

        **-against-**


**Aswad & Ingraham, LLP**
                          **Defendant.**
_____


## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED


1. Plaintiff seeks redress for the illegal practices of Aswad & Ingraham, LLP, concerning

the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

et seq. ("FDCPA").



## Parties

2. Plaintiff is a citizen of the State of New York who resides within this Judicial District.



3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the

Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in Binghamton, NY.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA in 15 U.S.C. §1692(e) simultaneously advances two objectives: it protects vulnerable citizens, while promoting a competitive marketplace. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993). In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).

11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." Lesher, 650 F.3d at 997.

12. Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'" FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455.

15. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." Weiss v. Regal  Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are  assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

16.  Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16).

## **Jurisdiction and Venue**

18. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

20. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

21. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

22. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff

23. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

24. On or about December 3, 2020, Defendant sent Plaintiff a collection letter attached as *Exhibit A*, which was an initial communication sent by the Defendant, and received by the Plaintiff, seeking to collect a balance allegedly incurred for personal purposes. **Said letter states in part as follows:**

> Additionally, you should be advised that unless you notify our office in writing within 30 days of the date you receive this letter that you dispute the validity of your obligation to CCTC, or any portion thereof, we will assume the debt to be valid. However, if we receive a written notice from you disputing the debt, or any portion of the debt, within the 30-day period, we will obtain verification of the debt, and a copy of such verification will be mailed to you. Further, upon your written request within the 30-day period, we will provide you with the name and address of the original creditor, if it is different than the current creditor.

## First Count
## Violation of 15 U.S.C. §1692g(a)
## Defective 1692g Notice

25. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

26. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector
in writing within the thirty-day period that the debt, or any
portion thereof, is disputed, the debt collector will obtain
verification of the debt or a copy of a judgment against the
consumer and a copy of such verification or judgment will be
mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request
within the 30-day period, the debt collector will provide the
consumer with the name and address of the original creditor,
if different from the current creditor.

27. This Notice is an important statutory right which must be effectively and clearly
conveyed to the consumer.

28. The Notice must be sufficiently prominent to be readily noticed. It cannot be
overshadowed by its placement, nor by other language or notices in the letter.

29. The Notice in said letter is inconspicuously placed on same, mixed in with various
other federal and state law notices.

30. The Validation Rights Notice on said letter is not prominent and is overshadowed by
other language in the letter, and is in violation of 15 U.S.C. § 1692g of the FDCPA.

31. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

32. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

33. The written notice must contain the amount of the debt.

34. The written notice must contain the name of the creditor to whom the debt is owed.

35. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

37. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

39. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

40. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

41. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

42. 15 U.S.C. § 1692g requires the notice to include a statement that a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. The language contained in the letter fails to accurately state the 1692G notice that is required as a matter of law. The letter falsely states that the debt must be disputed in writing. Debts Need not be disputed in writing, and can be made verbally.

44. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

45. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

46. There is no requirement that the consumer dispute the debt in writing.

47. It is a violation of the FDCPA to require disputes be made in writing.

48. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

49. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

50. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required §1692g(a)(3) statement.

51. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required §1692g(a)(3) statement.

52. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

53. Disputes need not be in writing. Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2d Cir. 2013).

54. Disputes may be made verbally.

55. The language concerning correspondence with Defendant overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

56. The language concerning correspondence with Defendant contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

57. The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

58. The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

59. The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

60. Defendant has violated § 1692g, as the above-referenced language overshadows the information required to be provided by that Section. See Vetrano v. CBE Grp., Inc., 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

61. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

63. Collection notices are deceptive if they can be reasonably read to have two or

more different meanings, one of which is inaccurate.

64. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

65. The collection letters could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. See Vetrano v. CBE Grp., Inc., 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); Balke v. Alliance One Receivables Management, Inc., No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017); Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under §1692e(10) of the Act.)

66. Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

67. The least sophisticated consumer would likely be deceived by the Letter.

68. The least sophisticated consumer would likely be deceived in a material way by the letter.

69. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

70. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

71. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

72. It is a violation of the FDCPA to include language in the Letter that contradicts the required 15 U.S.C. §1692g(3) statement.

73. It is a violation of the FDCPA to include language in the Letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required §1692g(a)(3) statement.

74. It is a violation of the FDCPA to include language in the Letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required §1692g(a)(3) statement.

75. It is a violation of the FDCPA to include language in the Letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing, or misleads the debtor regarding the appropriate time or manner regarding the assertion of a dispute regarding the debt.

76. Defendant's conduct, as described, violates 15 U.S.C. §1692g(a).

**Second Count**
**15 U.S.C. §1692e, 1692e(2)(A), and 1692e(10)**
**False and Misleading Representations**

**False or Misleading Representations as to the Rights of the Consumer**

77. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

78. 15 U.S.C. § 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

79. The Section 1692g(a) written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

80. The Section 1692g(a) written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

81. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

82. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

83. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

84. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

85. The Letter, because of the false and misleading statement, would likely confuse the least sophisticated consumer.

86. The statement in Defendant's letter is false and misleading, and is therefore in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## **SPOKEO STANDING**

i. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

ii. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

iii. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

iv. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

v. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

vi. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

vii. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under the FDCPA.

viii. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

viv. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

**<u>Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.</u>**

A. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

B. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

C. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

D. This cause of action is brought on behalf of Plaintiff and the members of a class.

E. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

F. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

1. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

3. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

4. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

5. The Plaintiff will fairly and adequately represent the class members' interest charges. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interest charges are consistent with those of the members of the class.

G. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of

separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest charges of judicial economy.

H. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

I. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

J. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

K. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
        December 7, 2020

                                        /S Jacob Silver
                                        _____
                                        Jacob Silver
                                        Attorney At Law
                                        237 Club Dr.
                                        Woodmere, NY 11598
                                        (718) 855-3835
                                        (718) 534-0057 – Fax
                                        silverbankruptcy@gmail.com